# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA WESTERN DIVISION

2020 JUN -5 A 11: 56

U.S. DISTRICT COURT
N.D. OF ALABAMA

Reshawn Armstrong, *pro se*
1130 University Blvd. B9-620
Tuscaloosa, AL 35401
(205) 861-5979
     Plaintiff
v.

United States of America
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
(202) 514-2000
     Defendant,

William Barr, US Attorney General,
Head of the Department of Justice
Federal Bureau of Prisons,
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
(202) 514-2000
     Defendant,

Department of Justice,
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001
(202) 514-2000
     Defendant,

Federal Bureau of Prisons,
320 First Street NW
Washington, D.C. 20534
(202) 307-3198
     Defendant,

Civil Action No. 7:20-CV-796-RDP

[handwritten: mo# fee payment 10310186420825 2085217 ($400.00)]

# COMPLAINT FOR FAIR LABOR STANDARD ACT, AND FAMILY MEDICAL LEAVE ACTS

The Plaintiff, Ms. Reshawn Armstrong (pro se) files this action against the above named Defendants for violations of the Fair Labor Standards Act and Family Medical Leave Act.

## JURIDICTION

This action is brought pursuant to 29 U.S.C. §§ 201 to 209 the Fair Labor Standards Act (FLSA) and 29 U.S.C. §§ 2601 to 2654 the Family and Medical Leave Act (FMLA) under 28 U.S.C. § 1331.

## STATEMENT OF FACTS

1. On June 5, 2017 Ms. Armstrong notified Management she was not paid timely for two hours of overtime and should be compensated for not being paid timely which Agency's Officials ignored.

2. From December 31, 2017 dating back to June 5, 2017 Agency's Official denied Ms. Armstrong to review and sign her time and attendance files.

3. On July 21, 2018, Ms. Armstrong became aware Agency took $32.64 from her pay for pay period 2 (01-21-2018 to 02-03-2018) without notification or explanation of alleged overpayment.

4. On August 14th 2018 Lt. Kohler presented Ms. Armstrong with an abuse of sick leave letter after she returned back to work from emergency surgery and stated she was considered AWOL for the days she had no leave which was not true due to Ms. Armstrong did in fact have available leave.

5. On August 16th 2018 Lt. Kelley presented Ms. Armstrong with another abuse of sick leave letter dated August 15th 2018 which stated Ms. Armstrong illness is questionable and placed her on AWOL status from 12:00 pm to 4:00 pm for August 14, 2018 when she informed Management she had to leave do to her not feeling well. Again Ms. Armstrong did in fact have available leave.

6. Agency's Officials listed Ms. Armstrong as AWOL for 28 hours on her NFC E&L statement for pay period 16 of 2018.

7. From December 31, 2018 dating back to January 1st 2018 Agency's Officials denied Ms. Armstrong to review and sign her time and attendance files

8. On January 25, 2019. Ms. Armstrong notified Lt. Kelley at beginning of her shift around 4:30 pm she needed to use work computer. Around 9:45 pm Ms. Armstrong still had not been received from post and again notified Lt. Kelley she needed to use work computer which Lt. Kelley refused to have Ms, Armstrong received from post to use work computer during duty hours. Ms. Armstrong had to stay after her assigned shift to use work computer which Agency's Officials refused to fully compensate Ms. Armstrong for her time at work on January 26, 2019.

9. From March 20, 2019 dating back to January 1st 2019 Agency's Official denied Ms. Armstrong to review and sign her time and attendance files.

10. On March 20, 2019 Ms. Armstrong became aware Lt. Kelley listed her as arriving to work at 7:00pm instead of 6:00pm for February 22, 2019. Ms Armstrong lost one hour of pay and night differential pay.

11. On March 20, 2019 Ms. Armstrong became aware that Lt. Kelley listed her as arriving to work at 4:30 pm instead of 4:15pm for March 7, 2019 which caused an additional 15 min of unauthorized comp-time to be taken from Ms. Armstrong leave balance.

12. On January 15, 2020 Ms. Armstrong submitted her FMLA certification from her physician concerning her chronic medical condition to Human Resource Manager Joy Pickens.

13. On January 29, 2020, after Ms. Armstrong invoked her FMLA entitlement as unpaid, HRM Joy Pickens sent Ms. Armstrong an email to her personal email address and told Ms. Armstrong although she was approve for FMLA she could not request leave without pay (unpaid) when invoking FMLA (regardless if FMLA law state "employees are entitled to 12 weeks of <u>unpaid leave</u> within a 12 months period), but instead she could use her sick or annual leave whenever she invokes FMLA.

14. On February 7, 2020 Ms. Armstrong printed out her daily assignment records to see have Management was listing her whenever she invokes FMLA and noticed Management had listed her as leave without pay (LWOP) instead of FMLA for January 28 through 31 which reflect inaccurate record keeping.

15. On February 9, 2020 Ms. Armstrong became aware Management listed her invoke FMLA entitlement as absent without official leave (AWOL) on her NFC pay period statement (PP2) which reflects inaccurate record keeping. Also Agency added an additional 24 hours. Ms. Armstrong invoked

32 hours of FMLA for pay period 2 yet Agency reported 56 hours of AWOL.

16. On March 23, 2020 Ms Armstrong became aware Agency took an additional $42.76 from her pay for pay period 5 (03/01/20 – 03/14/20) without notification or explanation why money was taken from pay.

17. On April 23, 2020 Ms. Armstrong became aware she did not receive her 6 hours of annual leave and 4 hours of sick leave for Pay Period 7 of 2020.

18. On April 23, 2020 Ms. Armstrong became aware Agency's Officials changed dates January 27 through 31 of 2020 from LWOP to AWOL.

19. On April 23, 2020 Ms. Armstrong emailed Agency's Officials for listed AWOL to be changed to FMLA to reflect accurate record keeping and to return of all leave taken without her consent which Agency's Officials refused.

20. On April 30, 2020 after Ms. Armstrong sent email to Agency's Officials to change AWOL to FMLA to reflect accurate record keeping Agency officials changed the following dates from FMLA to AWOL:

    a) February 5 through 6 of 2020
    b) February 26 though 28 of 2020
    c) March 2 through 6 of 2020
    d) March 9, 2020

21. On May 7' 2020 Ms. Armstrong became aware Agency took 16 hours of unauthorized annual leave from her balance for Pay Period 8 without her consent when she invoked unpaid FMLA.

22. On May 21,' 2020 Ms. Armstrong became aware Agency took 8 hours of unauthorized sick leave from her balance for Pay Period 9 without her consent when she invoked unpaid FMLA.

23. On May 26, 2020 T&A Clerk told Ms. Armstrong Captain Ora Mosby and HRM Joy Pickens told her not to go to Ms. Armstrong post for Ms. Armstrong to review and sign her time and attendance files and to list Ms. Armstrong FMLA as AWOL on her NFC E&L statements.

24. On June 3, 2020 Ms. Armstrong became aware Agency's Officials listed her as AWOL for 48 hours for Pay Period 10 when she invoke FMLA.

25. Agency Officials willfully listed Ms. Armstrong FMLA entitlement as AWOL for pay periods 2,3,4,5,6,7,8,9,and 10 and used leave without her consent when she invoke unpaid FMLA.

## CONCLUSION

In conclusion the Agency willfully violated the Fair Labor Standard Act and Family Medical Leave Act. Therefore Ms. Armstrong request a bench trail for the following relief's.

## RELIEF

Ms. Armstrong seeks back pay wages and equal liquidated damages for willful untimely/unpaid wages, taken of leave without consent, violations of recordkeeping provisions of the Fair Labor Standards Act (FLSA) and also seeks back pay, front pay, and liquidated damages for willful interference and violations of record keeping provisions of Family Medical Leave Act

(FMLA) for refusing to authorize FMLA leave for an eligible employee, attempts to discouraging an eligible employee from using FMLA leave, manipulating Ms. Armstrong's work hours, for using Ms. Armstrong's request for or use of FMLA leave as a negative factor in any employment actions, and counting FMLA leave as AWOL. Ms. Armstrong also seeks records corrections, court filing fee, and all costs incurred associated with this civil action.

Reshawn Armstrong (pro se)

*(signature)* (Blue Ink)

1130 University Blvd.
B9-620
Tuscaloosa, Alabama 35401
(205) 861-5979